Humberto Guizar, Esq. (SBN 125769)
   hguizar@ghclegal.com
**LAW OFFICES OF HUMBERTO GUIZAR, APC**
3500 W. Beverly Blvd.
Montebello, Ca 90640
Tel: (323) 725-1151; Fax: (323) 597-0101

Christian Contreras, Esq. (SBN 330269)
   CC@Contreras-Law.com
**LAW OFFICES OF CHRISTIAN CONTRERAS**
**A PROFESSIONAL LAW CORPORATION**
360 E. 2nd St., 8th Floor
Los Angeles, California 90012
Tel: (323) 435-8000; Fax: (323) 597-0101

Attorneys for Plaintiffs,
DAVID ROJAS SR., et al.

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF DAVID ROJAS SR., an individual; DAVID ROJAS JR., an individual, <br><br> Plaintiffs, <br><br> v. <br><br> SAN BERNARDINO POLICE DEPARTMENT, a public entity; CITY OF SAN BERNARDINO, a public entity; JORGE ORTIZ, an individual; and DOES to 10, inclusive, <br><br> Defendants. | **CASE NO.: 5:25-cv-2862** <br><br> **COMPLAINT FOR DAMAGES** <br><br> 1. Fourth Amendment Violation – Excessive Force (42 USC § 1983); <br> 2. Fourth Amendment Violation – Failure to Provide Medical Care (42 USC § 1983); <br> 3. Fourteenth Amendment Violation – Interference with Familial Relationship (42 USC § 1983); <br> 4. Municipal Liability – *Monell* (42 USC § 1983) <br><br> **DEMAND FOR JURY TRIAL** |

1

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

**INTRODUCTION**

1. This is a civil rights action seeking monetary damages against Defendants SAN BERNARDINO POLICE DEPARTMENT ("SBPD"), CITY OF SAN BERNARDINO, JORGE ORTIZ and DOES 1 to 10, stemming from an excessive use of force shooting wherein Defendants JORGE ORTIZ and DOES 1 through 10 shot DAVID ROJAS SR. three (3) times on October 28, 2023 at the parking lot where he was working as a parking attendant in San Bernardino, ultimately killing him.

2. DAVID ROJAS SR. was a fifty-three (53) year old father and grandfather who enjoyed a close and loving relationship with his only child, DAVID ROJAS JR., and DAVID ROJAS JR.'s children. Worse than simply killing DAVID ROJAS SR. in cold blood, Defendants JORGE ORTIZ and Does 1 through 10 shot and killed DAVID ROJAS SR. in cold blood front of his son, DAVID ROJAS JR. DAVID ROJAS JR. was forced to watch his father bleed to death while Defendants JORGE ORTIZ and DOES 1 through 10 refused to provide or summon aid to DAVID ROJAS SR. and instead arrested DAVID ROJAS JR., ultimately ensuring DAVID ROJAS SR.'s death.

3. When Defendants JORGE ORTIZ and DOES 1 through 10 shot DAVID ROJAS SR., DAVID ROJAS SR. was using a portable potty at the parking lot where he was working as a parking attendant. DAVID ROJAS SR. had not committed any crime and was not threatening anyone. DAVID ROJAS SR. was closed inside a portable potty. Clearly, DAVID ROJAS SR. was not an imminent threat of death or serious bodily injury. Therefore, the use of force by Defendants JORGE ORTIZ and Does 1 through 10 was clearly excessive and unreasonable in violation of DAVID ROJAS SR.'s constitutional rights.

4. In using such unreasonable and excessive force, Defendants JORGE ORTIZ and DOES 1 through 10 violated DAVID ROJAS SR.'s constitutional rights including his Fourth and Fourteenth Amendment rights under the United States Constitution.

5. Furthermore, DAVID ROJAS JR. has experienced severe emotional distress and trauma based upon the extreme and outrageous conduct of Defendants JORGE ORTIZ and Does 1 through 10.

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

6. Accordingly, this Complaint seeks judicial redress and monetary damages for such constitutional violations.

## JURISDICTION AND VENUE

7. This case is properly heard in United States District Court under federal question jurisdiction, pursuant 28 U.S.C. § 1331, as it is a civil suit which presents questions arising exclusively under federal law.

8. Venue is proper within the Central District of California pursuant to 28 U.S.C. § 1391(b)(1) and (2) because all Defendants reside within this district and the events and omissions giving rise to Plaintiffs' claims occurred within this district.

9. Plaintiffs presented their government claims on February 16, 2024. To date, Defendants have not substantially responded to the government claims. As such, Plaintiffs have complied with the California Tort Claims Act requirements with respect to their claims arising under state law.

## PARTIES

10. Decedent DAVID ROJAS SR. was, at all times relevant hereto, a resident of the CITY OF SAN BERNARDINO, California. The claims made by Plaintiff ESTATE OF DAVID ROJAS SR. are brought by his successor in interest, DAVID ROJAS JR.

11. Plaintiff DAVID ROJAS JR., is and was, at all times relevant hereto, the natural son of decedent DAVID ROJAS SR., and at all times relevant hereto was a resident of the County of San Bernardino, California. Plaintiff DAVID ROJAS JR., as the only successor in interest, brings these claims pursuant to California Code of Civil Procedure §§ 377.20 *et seq.* and 377.60 *et seq.,* which provide for survival and wrongful death actions. Plaintiff DAVID ROJAS JR. also brings his claims individually and on behalf of decedent DAVID ROJAS SR. on the basis of 42 U.S.C. § 1983 , the United States Constitution, federal and state civil rights law and California law. Plaintiff also brings these claims as a Private Attorney General, to vindicate not only his rights, but others' civil rights of great importance.

12. Defendant SAN BERNARDINO POLICE DEPARTMENT is a public entity with the capacity to sue and be sued.[1] At all times relevant to the facts alleged herein, Defendant SAN BERNARDINO POLICE DEPARTMENT was responsible for law enforcement services in the CITY OF SAN BERNARDINO.

13. Defendant CITY OF SAN BERNARDINO is a public entity with the capacity to sue and be sued. At all times relevant to the facts alleged herein, Defendant CITY OF SAN BERNARDINO was responsible for assuring that the actions, omissions, policies, procedures, practices and customs of its employees complied with the laws and the Constitutions of the United States and of the State of California.

14. Defendant JORGE ORTIZ was an employee of SBPD at all relevant times. At all relevant times, Defendant JORGE ORTIZ was acting under color of law.

15. Defendants DOES 1 to 10 are unnamed because their identities have yet to be ascertained. Each was involved in some manner with the violations of Plaintiff's rights as alleged herein.

16. Each of the defendants caused, and is responsible for, the unlawful conduct and resulting injuries suffered by Plaintiff by, among other things, personally participating in the unlawful conduct, acting jointly, or conspiring with others who did so; by ordering, authorizing, acquiescing in, or setting in motion policies, plans, or actions that led to the unlawful conduct, by failing to take action to prevent the unlawful conduct; by failing and refusing to initiate and maintain adequate training and supervision; by failing to enact policies to address the constitutional rights of protesters despite the obvious need for such a policy; and by ratifying the unlawful conduct that occurred by agents and officers under their direction and control, including failing to take remedial or disciplinary action.

///

---

[1] The Ninth Circuit has held that California law permits § 1983 claims against municipal police departments. *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 624 n. 2 (9th Cir. 1988) ("Municipal police departments are 'public entities' under California law and, hence, can be sued in federal court for alleged civil rights violations.").

17. Plaintiffs are informed and believe and thereon allege that each of the Defendants was, at all material times, an agent, servant, employee, partner, joint venturer, co-conspirator, and/or alter ego of the remaining Defendants, and in doing the things herein alleged, was acting within the course and scope of that relationship. Plaintiffs are further informed and believe and thereon allege that each of the Defendants herein gave consent, aid, and assistance to each of the remaining Defendants, and ratified and/or authorized the acts or omissions of each Defendant as alleged herein, except as may be hereinafter specifically alleged. At all material times, each Defendant was jointly engaged in tortious activity and an integral participant in the conduct described herein, resulting in the deprivation of Plaintiff DAVID ROJAS SR.'s constitutional rights and other harm.

18. Plaintiffs are informed and believe, and thereupon allege, that at all times relevant hereto, Defendants, and each of them, acted as the agents, servants, and employees of each of the other defendants.

19. In doing each of the acts and/or omissions alleged herein, Defendants, and each of them, acted within the course and scope of their employment.

20. In doing each of the acts and/or omissions alleged herein, Defendants, and each of them, acted under color of authority and/or under the color of law.

## FACTUAL ALLEGATIONS

21. On October 28, 2023, DAVID ROJAS SR. was on duty as a parking attendant at a parking lot near the NOS Events Center in San Bernardino, California. DAVID ROJAS SR.'s shift began around 8:00 p.m. and was planned to go until the early hours of October 29, 2023. DAVID ROJAS SR. was wearing a parking attendant's uniform of a safety vest as well as a cap to cover his head during a long night of working outdoors in the late autumn cold.

22. To call October 28, 2023 a "busy night" would have been a massive understatement. Over sixty thousand (60,000) people were estimated to be at the NOS Events Center that night for a popular rave. DAVID ROJAS SR. was tasked with maintaining a safe and secure place for the vehicles of people attending that night's event. DAVID ROJAS SR. patrolled the lot, cleaned trash around the premises, set safety cones down, took payment for

parking spots, and directed visitors to their parking spots. Having been a parking attendant at this parking lot before, DAVID ROJAS SR. was a competent parking attendant who enjoyed his work. Up to ninety (90) percent of the customers at this lot were estimated to be return visitors from other similar events at the NOS Events Center, a sign of the competence and high standards of DAVID ROJAS SR.'s work–customers whose cars were burgled, or were robbed, or who found the lot dirty or in disrepair certainly would not have returned.

23. Around 11:00 p.m., a police call was allegedly placed regarding a potential robbery somewhere near NOS Events Center. The individual described in the police call was vaguely described as wearing a vest and a beanie, not a parking attendant's safety vest and a cap like DAVID ROJAS SR.

24. SAN BERNARDINO POLICE DEPARTMENT officers JORGE ORTIZ and DOES 1-10 were dispatched to answer this call.

25. Around 11:10 p.m., SAN BERNARDINO POLICE DEPARTMENT officers JORGE ORTIZ and DOES 1-10 arrived to the parking lot where DAVID ROJAS SR. was on-duty as a parking attendant.

26. SAN BERNARDINO COUNTY POLICE DEPARTMENT officers JORGE ORTIZ and DOES 1-10 did not announce their arrival or announce any commands to anyone in the lot. In fact, JORGE ORTIZ and DOES 1-10 arrived so quietly that DAVID ROJAS JR. and the two other parking attendants on staff in the lot were unaware that police had even been summoned, much less arrived.

27. Unaware of the police call or the arrival of the police, DAVID ROJAS SR. went to use the restroom in a portable potty in an alley approximately twenty (20) feet away from the very same parking lot he was attending. Shut in a portable potty, DAVID ROJAS SR. certainly did not pose an imminent risk of harm to officers JORGE ORTIZ and DOES 1-10 or anyone else.

28. DAVID ROJAS SR. had been in the portable potty for around five (5) minutes when SAN BERNARDINO POLICE DEPARTMENT officers JORGE ORTIZ and DOES 1-10 arrived and opened fire on the portable potty without warning.

29. DAVID ROJAS SR. was not engaged in a criminal activity, did not threaten anyone, or otherwise cause harm to anyone. DAVID ROJAS SR. was simply on the job as a parking attendant on an incredibly busy night at the NOS Events Center and dressed for his duty. JORGE ORTIZ and DOES 1 through 10 used deadly force against DAVID ROJAS SR. in direct violation of California law requiring deadly force only be used when there was a direct and imminent threat to human life.

30. DAVID ROJAS SR. was shot at no fewer than four (4) times by JORGE ORTIZ and DOES 1 through 10, and struck by no fewer than three (3) bullets, fatally wounding him. Two (2) bullets struck DAVID ROJAS SR. in the hip. One (1) bullet struck DAVID ROJAS SR. in the face.

31. DAVID ROJAS JR. and other attendants rushed to the scene as soon as they heard gunfire, and saw DAVID ROJAS SR. fall out of the portable potty, face-down on the ground.

32. DAVID ROJAS JR. begged SAN BERNARDINO POLICE DEPARTMENT officers JORGE ORTIZ and DOES 1-10 to render aid to a bleeding and dying DAVID ROJAS SR., but no aid was rendered, and no ambulance was called.

33. JORGE ORTIZ and DOES 1-10 in fact affirmatively refused to have an ambulance brought, claiming it would have been impossible for an ambulance to get through the large crowds–a strange claim indeed when JORGE ORTIZ and DOES 1-10's police vehicle was clearly able to arrive at the site, and when numerous other ambulances were posted nearby to handle the regular drug overdoses and alcohol poisoning incidents natural to a rave event.

34. When DAVID ROJAS JR. pulled out his phone at the urging of other witnesses, Defendants JORGE ORTIZ and DOES 1 through 10 threatened DAVID ROJAS JR. and used threats of force and force to arrest DAVID ROJAS JR.

35. DAVID ROJAS JR. and the other parking lot attendants were cruelly arrested and held for over three (3) hours in SAN BERNARDINO POLICE DEPARTMENT vehicles by SAN BERNARDINO POLICE DEPARTMENT officers while DAVID ROJAS JR.'s

father DAVID ROJAS SR. bled out on the ground.

36. DAVID ROJAS JR. and the other attendants were then taken to a SAN BERNARDINO POLICE DEPARTMENT station and interrogated.

37. Adding unbelievable insult, humiliation, and sadistic cruelty to the injury already suffered by DAVID ROJAS SR. and DAVID ROJAS JR., the detective questioning DAVID ROJAS JR. told the officer who shot DAVID ROJAS SR. "thank you for that" in front of DAVID ROJAS JR., in an attempt to provoke DAVID ROJAS JR. into speaking when DAVID ROJAS JR. clearly and repeatedly requested a lawyer.

38. DAVID ROJAS SR. did not die quickly. Instead, DAVID ROJAS SR. languished at a hospital, struggling for his life before ultimately succumbing to the injuries inflicted on him by SAN BERNARDINO POLICE DEPARTMENT officers JORGE ORTIZ and DOES 1-10.

39. Defendants JORGE ORTIZ and Does 1 through 10 decided to engage in extreme and outrageous conduct by shooting and killing DAVID ROJAS SR. who was at his work and not a threat. Witnessing his father die before his eyes while being arrested for begging the officers for help has caused DAVID ROJAS JR. to suffer severe emotional distress.

40. Accordingly, this suit seeks to vindicate this horrific violation of DAVID ROJAS SR.'s constitutional rights.

## FIRST CLAIM FOR RELIEF

### Excessive Force

### Fourth Amendment Violation

### (42 U.S.C. § 1983)

**By Plaintiffs ESTATE OF DAVID ROJAS SR. and DAVID ROJAS JR.**

**Against JORGE ORTIZ and DOES 1-10**

41. Plaintiffs reallege and incorporate herein by reference each of the preceding paragraphs of this complaint, and any subsequent paragraphs.

///

42. Plaintiffs allege that Defendants JORGE ORTIZ and DOES 1 through 10 used excessive force against DAVID ROJAS SR. and DAVID ROJAS JR., which deprived them of their right to be secure in their person against unreasonable searches and seizures as guaranteed to DAVID ROJAS SR. and DAVID ROJAS JR. under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

43. The touchstone of the Fourth Amendment is reasonableness and the force used on DAVID ROJAS SR. and DAVID ROJAS JR. was fundamentally unreasonable and in violation of their Fourth Amendment right to be secure in their person against unreasonable searches and seizures.

44. At all relevant times, Defendants JORGE ORTIZ and DOES 1 through 10 were SBPD officers who were acting under color of law.

45. In fact, on October 28, 2023, Defendants JORGE ORTIZ and DOES 1 through 10, acting in their individual and/or representative capacities, in the course and scope of their employment with SBPD, and acting under color of law, used unreasonable and excessive force and violated the constitutional rights of DAVID ROJAS SR. when they used more force than necessary under the circumstances. Indeed, JORGE ORTIZ and DOES 1 through 10 used deadly force when there was no imminent threat to human life—or any threat at all. DAVID ROJAS SR. had not been engaged in any criminal activity and was closed inside a portable potty when Defendants JORGE ORTIZ and DOES 1 through 10 opened fire on him.

46. When Defendants JORGE ORTIZ and DOES 1 through 10 used force on DAVID ROJAS SR. by shooting DAVID ROJAS SR. no fewer than four (4) times, striking him no fewer than three (3) times when he was shut inside a portable potty, DAVID ROJAS SR. did not present a threat to the officers and was not resisting. Indeed, DAVID ROJAS SR. was entirely unaware that police had been summoned or had arrived. Furthermore, there was no imminent threat whatsoever to human life permitting the use of deadly force. Therefore, the force used by Defendants JORGE ORTIZ and DOES 1 through 10 was objectively unreasonable and therefore in violation of the Fourth Amendment.

///

47. When Defendants JORGE ORTIZ and DOES 1 through 10 used force on DAVID ROJAS JR. in threatening him for having his phone out, detaining him, and forcing DAVID ROJAS JR. into a police vehicle, DAVID ROJAS JR. did not present a threat to the officers. There was no justification for using force against DAVID ROJAS JR. and unreasonably seizing DAVID ROJAS JR. Therefore, the force used by Defendants JORGE ORTIZ and DOES 1 through 10 was objectively unreasonable and therefore in violation of the Fourth Amendment.

48. Therefore, Defendants JORGE ORTIZ and DOES 1 through 10 caused the death of DAVID ROJAS SR. through their use of excessive force and also harmed DAVID ROJAS JR. by subjecting him to excessive force.

49. By virtue of their misconduct, Defendants JORGE ORTIZ and DOES 1 through 10 are liable for DAVID ROJAS SR.'s tragic death.

50. Accordingly, Defendants JORGE ORTIZ and DOES 1 through 10 violated Plaintiffs' Fourth Amendment rights and are liable for all damages recoverable under 42 U.S.C. Section 1983.

51. Further, DAVID ROJAS SR. experienced physical pain, severe emotional distress, and mental anguish prior to his death, as well as loss of his life and other damages alleged herein.

52. The conduct of Defendants JORGE ORTIZ and DOES 1 through 10 was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DAVID ROJAS SR. and DAVID ROJAS JR. and therefore warrants the imposition of exemplary and punitive damages as to Defendants JORGE ORTIZ and DOES 1 through 10.

53. Plaintiffs by this action, further claim all of Plaintiffs' attorneys' fees and costs incurred and to be incurred in Plaintiffs presenting, maintaining and prosecuting this action under 42 U.S.C. Section 1988.

///

///

///

# SECOND CLAIM FOR RELIEF

**Failure to Provide Medical Care**

**Fourth Amendment Violation**

**(Survival Action – 42 U.S.C. § 1983)**

**By Plaintiff ESTATE OF DAVID ROJAS SR.**

**Against JORGE ORTIZ and DOES 1-10**

54. Plaintiff realleges and incorporates herein by reference each of the preceding paragraphs of this complaint, and any subsequent paragraphs.

55. Claims for the denial of medical assistance after an arrest are analyzed under the Fourth Amendment. *Tatum v. City & Cty. of San Francisco*, 441 F.3d 1090, 1098 (9th Cir. 2006). Officers must provide objectively reasonable post-arrest care to an apprehended suspect. *Id.* "Due process requires that police officers seek the necessary medical attention for a detainee when he or she has been injured while being apprehended by either promptly summoning the necessary medical help or by taking the injured detainee to a hospital." *Tatum v. City and County of San Francisco* (9th Cir. 2006) 441 F.3d 1090, 1099 (citing *Graham v. Connor,* 409 U.S. 386 (1989). 441 F.3d at 1098).

56. At all relevant times, Defendants JORGE ORTIZ and DOES 1 through 10 were SBPD officers who were acting under color of law.

57. Upon information and belief, on October 28, 2023, when it became evident that DAVID ROJAS SR. required urgent medical attention after being shot by Defendants JORGE ORTIZ and DOES 1 through 10, Defendants JORGE ORTIZ and DOES 1 through 10 deliberately neglected to summon medical care. Despite DAVID ROJAS SR.'s clear state of medical distress, and the basic knowledge that a person who has been shot requires immediate medical attention, Defendants JORGE ORTIZ and DOES 1 through 10 willfully ignored DAVID ROJAS SR.'s critical medical needs. Indeed, Defendants JORGE ORTIZ and DOES 1 through 10 denied DAVID ROJAS SR. medical care when he was in critical condition. Defendants JORGE ORTIZ and DOES 1 through 10 utterly failed to provide post-detention care to DAVID ROJAS SR.

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

58. Therefore, this denial of medical care and failure to summon medical care constitutes a violation of DAVID ROJAS SR.'s rights under the Fourth Amendment.

59. Accordingly, Defendants JORGE ORTIZ and DOES 1 through 10 caused the death of DAVID ROJAS SR. By virtue of their misconduct, Defendants JORGE ORTIZ and DOES 1 through 10 are liable for DAVID ROJAS SR.'s tragic death, either because these Defendants were integral participants in the failure to summon medical care, or because they failed to intervene to prevent these violations.

60. Accordingly, Defendants JORGE ORTIZ and DOES 1 through 10 violated DAVID ROJAS SR.'s Fourth Amendment rights and are liable for all damages recoverable under 42 U.S.C. Section 1983.

61. Further, DAVID ROJAS SR. experienced physical pain, severe emotional distress, and mental anguish prior to his death, as well as loss of his life and other damages alleged herein.

62. The conduct of Defendants JORGE ORTIZ and DOES 1 through 10 was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DAVID ROJAS SR. and therefore warrants the imposition of exemplary and punitive damages as to Defendants JORGE ORTIZ and DOES 1 through 10.

63. Plaintiff by this action, further claims all of Plaintiff's attorneys' fees and costs incurred and to be incurred in Plaintiff presenting, maintaining and prosecuting this action under 42 U.S.C. Section 1988.

**THIRD CLAIM FOR RELIEF**

**Interference with Familial Relationship**

**Fourteenth Amendment Violation**

**(42 U.S.C. § 1983)**

**By Plaintiffs ESTATE OF DAVID ROJAS SR. and DAVID ROJAS JR.**

**Against JORGE ORTIZ and DOES 1-10**

64. Plaintiffs reallege and incorporate herein by reference each of the preceding paragraphs of this complaint, and any subsequent paragraphs.

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

65. Parents and children possess a constitutionally protected liberty interest in companionship and society with each other. *Smith v. City of Fontana*, 818 F.2d 1411, 1418 (9th Cir. 1987), overruled on other grounds by *Hodgers-Durgin v. de la Vina*, 199 F.3d 1037 (9th Cir. 1999) (en banc). This liberty interest is rooted in the Fourteenth Amendment, which states in relevant part that "[n]o State shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1.

66. At all relevant times, Defendants JORGE ORTIZ and DOES 1 through 10 were SBPD officers who were acting under color of law.

67. The acts and omissions of Defendants JORGE ORTIZ and DOES 1 through 10 was conduct which shocks the conscience, done with a purpose to harm or in deliberate indifference to DAVID ROJAS SR.'s life, protection, and constitutional rights.

68. The acts and/or omissions of Defendants JORGE ORTIZ and Does 1 through 10, including their unconstitutional use of deadly force, violated DAVID ROJAS JR.'s liberty interests in the familial relationship and violated DAVID ROJAS JR.'s substantive due process rights as defined by the Fourteenth Amendment of the Constitution.

69. Indeed, the acts and omissions of Defendants JORGE ORTIZ and DOES 1 through 10, deprived Plaintiffs of rights, privileges, and immunities secured by the Constitution and laws of the United States, including but not limited to the Fourteenth Amendment by, among other things, depriving DAVID ROJAS JR. of his rights to a familial relationship with DAVID ROJAS SR. without due process of law by their deliberate indifference in causing substantial harm to and ultimately killing DAVID ROJAS SR. through Defendants' acts and omissions.

70. In engaging in conduct that shocks the conscience, Defendants JORGE ORTIZ and Does 1 through 10, acted with a purpose to harm, unrelated to any legitimate law enforcement objective when they shot DAVID ROJAS SR and failed to render or summon medical care. At the very least, Defendants JORGE ORTIZ and Does 1 through 10 acted with deliberate indifference to the rights, safety, wellbeing, and life of DAVID ROJAS SR. when they shot DAVID ROJAS SR. and failed to render or summon medical care.

71. Accordingly, the conduct of Defendants JORGE ORTIZ and Does 1 through 10 shocks the conscience and has unconstitutionally interfered with the familial association between Plaintiffs and DAVID ROJAS SR. in violation of the Fourteenth Amendment.

72. As a direct and proximate result of Defendants JORGE ORTIZ and Does 1 through 10's acts and/or omissions as set forth above, Plaintiffs sustained injuries and damages and are entitled to damages under the Fourteenth Amendment pursuant to 42 U.S.C. § 1983.

73. Furthermore, Defendants JORGE ORTIZ and DOES 1 through 10 subjected DAVID ROJAS SR. to their wrongful conduct, depriving him of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of DAVID ROJAS SR. and others would be violated by their acts and/or omissions. The conduct of Defendants JORGE ORTIZ and DOES 1 through 10 entitles Plaintiffs to punitive damages and penalties allowable under 42 U.S.C. § 1983 and as provided by law. Plaintiffs do not seek punitive damages against the public entity Defendant.

74. Plaintiffs by this action, further claim all of Plaintiffs' attorneys' fees and costs incurred and to be incurred in Plaintiffs presenting, maintaining and prosecuting this action under 42 U.S.C. Section 1988.

### FOURTH CLAIM FOR RELIEF

**Municipal Liability**

(*Monell* - **42 U.S.C. § 1983**)

**By Plaintiffs ESTATE OF DAVID ROJAS SR. and DAVID ROJAS JR.**

**Against Defendants JORGE ORTIZ, DOES 1 through 10, and CITY OF SAN BERNARDINO**

75. Plaintiffs reallege and incorporate herein by reference each of the preceding paragraphs of this complaint, and any subsequent paragraphs.

76. Pursuant to *Monell v. Department of Social Servs.*, municipalities are "persons" under § 1983 and thus could be held liable for causing a constitutional deprivation. 436 U.S. 658, 690 (1978). The Supreme Court explained that while a municipality may not be held

liable under § 1983 for the torts of its employees on a theory of *respondent superior*, liability may attach where the municipality itself causes the constitutional violation through the execution of an official policy, practice or custom. *Id*. at 690–691.

77. Furthermore, "the inadequacy of police training may serve as the basis for § 1983 liability only when the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." *Flores v. County of Los Angeles*, 758 F.3d 1154, 1158 (9th Cir. 2014) (quoting *City of Canton v. Harris*, 489 U.S. 378, 388 (1989)).

78. As set forth in the forgoing causes of action, Defendants JORGE ORTIZ and DOES 1 through 10 committed clear and well-established violations of constitutional rights against Plaintiffs. within the course and scope of their employment as SBPD officers, under color of law.

79. On and for some time prior to October 28, 2023 (and continuing to the present date), Defendants CITY, SBPD, JORGE ORTIZ, and DOES 1 through 10, acting with gross negligence and with reckless and deliberate indifference to the rights and liberties of the public in general, and of Plaintiffs, and of persons in their class, situation and comparable position in particular, knowingly maintained, enforced and applied an official recognized custom, policy, and practice of:

    a. Allowing SBPD officers, including Defendants herein, to use force on individuals such as DAVID ROJAS SR.;

    b. Allowing SBPD officers, including Defendants herein, to use deadly force on individuals such as DAVID ROJAS SR. who posed no threat of harm to human life whatsoever;

    c. Allowing SBPD officers, including Defendants herein, to deny medical care to individuals such as DAVID ROJAS SR.;

    d. Allowing SBPD officers to wield their authority to detain and/or arrest civilians such as DAVID ROJAS SR. and DAVID ROJAS JR. arbitrarily and capriciously;

    e. Employing and retaining SBPD officers and other personnel, including JORGE

       ORTIZ and DOES 1 through 10, whom the Defendants CITY and SBPD knew or reasonably should have discovered to have a high propensity for abusing their authority, mistreating civilians, and failing to follow established agency policies respecting the rights of the public and interactions with civilians;

  f. Inadequately hiring, training, supervising, assigning, retaining, and disciplining SBPD employees, including JORGE ORTIZ and DOES 1 through 10, whom the Defendants CITY and SBPD knew or reasonably should have known to be perpetrators of unlawful and/or unconstitutional conduct, allowing such misconduct to go partially or totally unaddressed;

  g. Maintaining grossly inadequate procedures for reporting, investigating, overseeing, disciplining, and correcting intentional misconduct by SBPD employees, including JORGE ORTIZ and DOES 1 through 10;

  h. Consistently ratifying the intentional misconduct of SBPD employees in public statements and/or subsequent internal "investigations," including by wrongly claiming DAVID ROJAS SR. had engaged in a "shoot out" with police so as to justify his shooting, thereby cultivating a sense of official impunity within the SBPD encouraging of misconduct;

  i. Encouraging, accommodating, or facilitating a "code of silence" among SBPD employees, including JORGE ORTIZ and DOES 1 through 10, pursuant to which false reports are generated and abuses of power are routinely covered up;

  j. Transferring, moving, and/or relocating problem officers to other stations, divisions, positions, and/or to other local municipal agencies altogether, to essentially "bury," ignore, dilute, hide, spread, etc., these problem actors, along with their incidents of misconduct, evading internal, disciplinary, and other investigations in the process;

  k. Allowing law enforcement personnel to encourage, intimidate, and compel others to "work in gray," or maintain a "code of silence" or "blue code," regarding unconstitutional abuses in order to insulate law enforcement from

accountability, attract and recruit problematic individuals to law enforcement, and improperly or expeditiously promote problem actors into positions of authority within law enforcement, among various other abuses of power and breaches of duty not expressly specified herein.

80. The expressly adopted policies and/or widespread, well-known, and longstanding customs or practices set forth above, constitute standard operating procedures within the Defendants CITY and SBPD, which have directly precipitated the pervasive use of unreasonable and/or excessive force against innocent members of the public, suspects, arrestees, detainees, prisoners, and the general public at an unignorable and unacceptable scale, not least of which resemble the egregious constitutional violations suffered by Plaintiffs.

81. In terms of widespread, well-known, and longstanding customs or practices set forth above, such policies, customs and practices were of significant duration, frequency and extent such that they were standard operating procedure for Defendants SBPD and CITY. A practice or custom can be established by repeated constitutional violations that were not properly investigated and for which the violators were not disciplined, reprimanded or punished.

82. Defendants CITY and SBPD, and individual supervisory officials thereof, whether named or unnamed, had either actual or constructive knowledge of the unconstitutional policies, practices, and/or customs set forth herein. Despite this knowledge, the Defendants CITY and SBPD, by and through officials with final policymaking authority, did condone, tolerate, and ratify such policies, customs, and practices, and have shown deliberate indifference to the foreseeable effects and consequences of these policies, customs, and practices with respect to the civil rights and wellbeing of the present Plaintiffs, other individuals similarly situated, and the general public.

83. Accordingly, the policies, practices, and/or customs implemented, maintained, or still tolerated by Defendants CITY and SBPD, or final policymakers thereof, are so inextricably connected to the unconstitutional conduct that Plaintiffs have endured as to be a

1 | substantial moving force behind it. Clearly, Defendants CITY's and SBPD's unconstitutional
2 | customs and practices were the moving force which caused Plaintiff's injuries. Therefore,
3 | Defendants CITY and SBPD must be regarded as similarly liable for all claims raised herein
4 | against its employees, agents, and/or representatives under 42 U.S.C. § 1983.

5 |     84.    Plaintiffs by this action, further claim all of Plaintiff's attorneys' fees and costs
6 | incurred and to be incurred in Plaintiffs presenting, maintaining and prosecuting this action
7 | under 42 U.S.C. Section 1988.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs requests entry of judgment in his favor and against Defendants as follows:

    A.  General Damages;

    B.  Wrongful death and survival damages;

    C.  Loss of life and pre-death paind and suffering damages;

    D.  Non-Economic Damages;

    E.  Interest;

    F.  All other remedies awarded by the Court;

    G.  All other damages, penalties, costs, interest, and attorneys' fees as allowed by 42 U.S.C. §§ 1983 and 1988 and as otherwise may be allowed by federal law.

**Dated: October 28, 2025**        **LAW OFFICES OF CHRISTIAN CONTRERAS**
                                            A PROFESSIONAL LAW CORPORATION

                                  By: _____
                                      CHRISTIAN CONTRERAS, ESQ.
                                      Attorneys for Plaintiff,
                                      DAVID ROJAS SR., et al.

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial by jury on all claims for relief alleged herein.

Dated: October 28, 2025

LAW OFFICES OF CHRISTIAN CONTRERAS
A PROFESSIONAL LAW CORPORATION

By: _____
CHRISTIAN CONTRERAS, ESQ.
Attorneys for Plaintiff,
DAVID ROJAS SR., et al.

**PLAINTIFFS' COMPLAINT FOR DAMAGES**